UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEROL WADNIPAR,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER,<br><br>    Respondents. | Case No. 5:26-cv-03428-SB-ADS<br><br>ORDER DENYING PETITION AND DISMISSING APPLICATION FOR TEMPORARY RESTRAINING ORDER AS MOOT |

Petitioner Rider de Jesús Reverol Wadnipar is a Venezuelan citizen who has been detained at the Adelanto Immigration and Customs Enforcement (ICE) Processing Center since February 18, 2025, following his completion of a criminal sentence. Proceeding pro se, he filed a petition for a writ of habeas corpus and an application for a temporary restraining order (TRO) seeking immediate release, or alternatively, a bond hearing. The Court denied the petition, finding that Petitioner had not shown he was in custody in violation of federal law. Petitioner filed a second petition and TRO application, reiterating that his prolonged detention violates his Fifth Amendment due process rights. The Court denies the petition and denies the TRO application as moot.

I.

Petitioner, a citizen of Venezuela, was taken into ICE custody on February 18, 2025, after completing a sentence for a conviction for driving under the influence. Dkt. No. 1 ¶¶ 9–10. He has been detained at the Adelanto ICE Processing Center in California. *Id*.

On February 6, 2026, Petitioner received an individualized bond hearing before an immigration judge (IJ), who denied bond after finding that the government had shown by clear and convincing evidence that Petitioner posed a flight risk and a danger to the community. *Id.* ¶ 14. Petitioner states that he did

1

not appeal that determination to the Board of Immigration Appeals (BIA) because he believed his pending asylum petition would shortly be adjudicated. *Id.* ¶ 15. On March 18, 2026, an IJ denied Petitioner's asylum application but granted him deferral of removal under the Convention Against Torture (CAT). *Id.* ¶ 16. Petitioner appealed the denial of asylum to the BIA on April 13, 2026, and that appeal remains pending. *Id.* ¶ 17.

On May 4, 2026, Petitioner filed his first petition for a writ of habeas corpus and TRO application, Case No. 5:26-cv-02332-SB-ADS, arguing that his detention without a bond hearing violates § 1226(a) of the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights. The petition did not address the status of Petitioner's asylum and CAT applications. The Court denied the petition without prejudice, noting that Petitioner failed to acknowledge that he had received a bond hearing on February 6, 2026, and had not shown that he had exhausted his administrative remedies by appealing the bond determination to the BIA.

On June 22, 2026, Petitioner filed a second petition and TRO application. He contends that his continued detention is unconstitutional because his removal is not reasonably foreseeable in light of the withholding of removal granted under CAT. He seeks immediate release or, in the alternative, a new bond hearing.

II.

Petitioner's petition is largely duplicative of his prior petition and does not show that he is entitled to the requested relief. The only distinction between his first and second petition is that Petitioner now acknowledges he received the February 6 bond hearing and states that he received a grant of deferral of removal under CAT. Neither of these facts alter the Court's prior analysis.

First, Petitioner argues that the deferral of removal under CAT renders his continued detention indefinite because his removal is no longer reasonably foreseeable, but his reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is misplaced. *Zadvydas* addressed the due process limits on potentially indefinite detention under 8 U.S.C. § 1231 after a final removal order. *See Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023) (explaining that § 1226 governs detention during pending removal proceedings, whereas § 1231(a) governs detention after a final order of removal). Here, Petitioner's removal proceedings are pending due to his appeal before the BIA, and his detention is therefore not shown to be indefinite. *See Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018) (declining to extend

*Zadvydas* to the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States" because such detention is not indefinite); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (concluding that detention does not become indefinite merely because it lacks a definite end date due to pending judicial review of immigration proceedings).  Because Petitioner remains detained pending completion of his removal proceedings, this claim fails.  *See Demore v. Kim*, 538 U.S. 510, 523 (2003) (stating that "detention during [removal] proceedings is a constitutionally valid aspect of the [deportation] process").

Second, Petitioner has not shown that he is entitled to an additional bond hearing.  As he now acknowledges, he received an individualized bond hearing before an IJ at which the government bore the burden of demonstrating by clear and convincing evidence that he posed a flight risk or a danger to the community, and the IJ denied bond.  He states that he does not seek review of the prior bond decision (Dkt. No. 1 ¶ 23), but he identifies no additional process to which he is constitutionally entitled.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (noting that a court considering procedural due process claims must consider "the process [petitioner] received during [detention]" and "the further process that was available to him").

III.

For the reasons stated above, Petitioner has not demonstrated that he is in custody in violation of federal law.  The petition is therefore denied, and Petitioner's TRO application—which seeks to enjoin his transfer or removal pending resolution of the petition—is denied as moot.  A separate judgment will issue.

Date: July 14, 2026

                                  Stanley Blumenfeld, Jr.
                             United States District Judge

3